Filed 1/28/21  P. v. Christon CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MAKEITHA KEITH CHRISTON,<br><br>　　　Defendant and Appellant. | B301998 (Consolidated with B306635)<br><br>(Los Angeles County Super. Ct. No. BA310312) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa B. Lench, Judge, and petition for writ of habeas corpus.  The order is affirmed; petition denied.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Idan Ivri and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Makeitha Keith Christon (defendant) appeals the trial court's denial of his petition for relief under Penal Code section 1170.95.[1]  In light of recent decisions issued by this division, we conclude there was no error and affirm the order.  Defendant also filed a petition for writ of habeas corpus concurrently with this appeal, which we deny without prejudice.

## FACTS AND PROCEDURAL BACKGROUND

### I.    Facts[2]

#### A.    *The underlying crime*

In September 2005, defendant noticed that a group of 20 men were playing a game of dice in a residential driveway and saw anywhere from $400 to $2,000 in the "pot."  He walked up, asked if any of the players was "strapped" (that is, armed with a firearm), and the homeowner responded that no one had guns.  Defendant walked away, and went to find someone else to help him "hit up the dice game."  Davione McDowell (McDowell) agreed.  Defendant gave McDowell a gun and a plastic bag to carry away the money.  While defendant was parked around the corner, McDowell approached the game, pulled out his gun, and demanded that the players "[g]ive up the cheese."  When several of them ran, McDowell sprayed bullets at the fleeing men, three

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction. (*People v. Christon* (Oct. 4, 2013, B238761) [nonpub. opn.].)

2

of whom were hit by bullets.  One of the three—the homeowner—died from his wounds.  McDowell ran back to defendant's car, and defendant drove him away.  Defendant was a member of the Block Crips street gang.

B.    *Prosecution, conviction and appeal*

The People charged defendant with (1) the murder of the homeowner (§ 187, subd. (a)), (2) three counts of attempted premeditated murder, one for each of the men in the line of fire (§§ 187, subd. (a), 664), and (3) four counts of attempted second degree robbery (§§ 211, 664).  The People alleged that the murder was a special circumstance murder—namely, that it was committed in the course of a robbery (§ 190.2, subd. (a)(17)), which could be found true only if defendant was a major participant in the robbery and acted with reckless indifference to human life.  The People further alleged that all of the crimes were committed for the benefit of, and in association with, a criminal street gang (§ 186.22, subds. (b)(1)(A) & (b)(4)), and that a principal had discharged a firearm causing great bodily injury or death (§ 12022.53, subds. (b)-(e)).

A jury convicted defendant of the above charged counts and found true all of the allegations.

The trial court sentenced defendant to prison for life without the possibility of parole (for the murder) plus 25 years (for the firearm enhancement), and three consecutive life terms (for each of the attempted murders) plus 25 years (for the firearm enhancements); each sentence was consecutive to the others.  The court imposed three-year prison sentences for each of the second degree robbery charges but stayed the sentences under section 654.

2

Defendant appealed his conviction and we affirmed in an unpublished opinion.

## II. Procedural Background

On January 23, 2019, defendant filed a petition seeking resentencing under section 1170.95, ultimately for his murder conviction and for the three attempted murder convictions. The court appointed counsel for defendant, and ordered the parties to submit further briefing. Following a hearing, the trial court denied defendant's petition because (1) he did not "establish a prima facie case for relief" under section 1170.95 because one of the elements of that prima facie case—namely, that he could not be convicted of first degree murder under the amended murder statute—was foreclosed by "the jury's finding that he was a major participant who acted with reckless disregard for human life," and (2) section 1170.95 does not provide relief for attempted murder convictions.

Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in denying his section 1170.95 petition because (1) the jury's prior special circumstance finding does not preclude him from making his prima facie case, and (2) section 1170.95 applies to attempted murder convictions. Because these arguments turn on questions of statutory construction and the application of law to undisputed facts, our review is de novo. (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1123; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

## I. Effect of Jury's Special Circumstance Finding

Section 1170.95 authorizes a defendant "convicted of felony murder or murder under a natural and probable consequences

2

theory" to vacate his murder conviction if, as a threshold matter, he makes a "prima facie showing" of entitlement to relief. (§ 1170.95, subds. (a) & (c).) This, in turn, requires a showing that, among other things, he "could not be convicted of first or second degree murder" under the amendments to the murder statutes that became effective on January 1, 2019. (*Id.*, subd. (a)(3).) These statutes, even as amended, still authorize a murder conviction based on a theory of vicarious liability if the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e)(3).)

Applying these statutes, the trial court properly concluded that defendant had not made a prima facie showing of his entitlement to relief under section 1170.95. That is because the jury in his case, by virtue of finding the special circumstance allegation to be true, necessarily found that defendant was a major participant in the underlying felony and acted with reckless indifference to human life. This prior finding renders defendant "not eligible for relief under section 1170.95 as a matter of law." (*People v. Jones* (2020) 56 Cal.App.5th 474, 482 (*Jones*); *People v. Allison* (2020) 55 Cal.App.5th 449, 457 (*Allison*) [same].)

Defendant resists this conclusion with what boil down to three arguments. First, he argues that it is improper to defer to a jury's prior finding in assessing whether a section 1170.95 petitioner has made out his prima facie case. But this argument is unsupported by any authority, and is contrary to the common sense reading of the statute set forth in *Jones* and *Allison*. Second, he argues that the jury's prior finding is entitled to no weight because *this* court did not, during the direct appeal of his

2

conviction, specifically affirm the jury's finding. But the jury's finding is no less final simply because defendant opted not to attack it during his direct appeal. Lastly, defendant argues that the jury's prior finding is no longer valid because (i) our Supreme Court altered the manner in which appellate courts are to review this particular special circumstance finding for substantial evidence in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), and (ii) the jury's finding in this case could not withstand *Banks*'s and *Clark*'s more probing substantial evidence review. Although the Courts of Appeal are divided as to whether *Banks* and *Clark* undermine the effect of a jury's prior special circumstance finding, our division in *People v. Nunez* (2020) 57 Cal.App.5th 78, review granted January 13, 2021, S265918, has sided with those cases holding that the prior jury finding remains valid—and thus remains a basis for denying relief under section 1170.95—unless and until the defendant successfully overturns the finding in a habeas petition. (*Id.* at pp. 93-97.) Because defendant has not yet done so, the jury's prior special circumstance finding precludes relief under section 1170.95.[3]

## II. Attempted Murder Convictions

In *People v. Love* (2020) 55 Cal.App.5th 273, 279, review granted December 16, 2020, S265445, we held that section 1170.95 does not provide relief for attempted murder convictions.

---

[3] Defendant filed a petition for a writ of habeas corpus concurrently with his appeal, in which he raises a *Banks*- and *Clark*-based challenge to the jury's special circumstance finding. (See In re MAKEITHA CHRISTON on Habeas Corpus, B306635 [petition].) Because he did not first file such a petition with the trial court, we deny his habeas petition without prejudice to re-filing before the trial court.

Applying this authority, the trial court was right to deny defendant section 1170.95 relief for his three attempted murder convictions.

## DISPOSITION

The order is affirmed and the petition for writ of habeas corpus is denied without prejudice.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
HOFFSTADT

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
CHAVEZ

2